# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY XAVIER SANCHEZ, | Case No.  1:26-cv-01223-FRS (BAM) (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| KERN COUNTY SHERIFF'S DEPARTMENT, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE (ECF No. 1) |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jeremy Xavier Sanchez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated on February 12, 2026.  (ECF No. 1.)

## I.      Screening Requirement and Standard

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Wasco State Prison in Wasco, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at the Lerdo Pre-Trial Facility

1

in Bakersfield, California.  Plaintiff names the Kern County Sheriff's Department as the sole defendant.

Plaintiff alleges that at 8 p.m. on June 14, 2025, general population gang members came into the protective custody F4 pre-trial pod and attacked Plaintiff and the protective custody inmates with homemade knives.  Plaintiff was hospitalized and now has PTSD nightmares.  The gang members came through a locked door only the sheriff's officers have access to.

The Kern County Sheriff's Department did not take seriously Plaintiff's complaint/letter detailing his unanswered grievances and detailing his trip to the hospital, and replied with a response on September 22, 2025, that the July 1, 2025 riot was unfounded when Plaintiff clearly stated the riot was on June 14, 2025 at 8 p.m.  Internal Affairs and the Kern County Sheriffs as a whole is denying Plaintiff due process, stating his claims of being in a violent riot are not true and making his process to a fair civil rights claim unfair.

Plaintiff seeks monetary damages.

**III.    Duplicative Action**

**A.    *Sanchez v. Kern County Sheriffs Dept.*, Case No. 1:25-cv-01949-HBK (PC)**

On December 19, 2025, Plaintiff filed *Sanchez v. Kern County Sheriffs Dept.*, Case No. 1:25-cv-01949-HBK (PC) ("*Sanchez I*").[1]  Following a screening order, on January 29, 2026, Plaintiff filed a first amended complaint.  (ECF Nos. 6, 7.)

In the first amended complaint, Plaintiff names the Kern County Sheriffs Dept. as the sole defendant.  Plaintiff alleges that at the Lerdo Pre-Trial Facility, on June 14, 2025, at 8 p.m., the doors controlled by the Kern County Sheriffs Dept. that separate protective custody inmates from general population opened, allowing knife-wielding inmates into a protective custody pod.  The Sheriff's Dept. failed to protect them, causing mental and physical harm.  A riot ensued and Plaintiff sustained injuries to his right hand and PTSD.

On August 5, 2025, Plaintiff sent a letter to internal affairs regarding the June 14, 2025 riot.  Internal affairs responded on September 22, 2025 stating on July 1, 2025 a thorough investigation about his complaint was determined unfounded.  The riot happened June 14, 2025 at

---

[1] The Court takes judicial notice of the files in that case.  Fed. R. Evid. 201.

8 p.m.  The officer who investigated clearly did not do his job therefore stalling Plaintiff's civil case and denying him due process.

Plaintiff seeks monetary damages.  *Sanchez I*, First Am. Compl., ECF No. 7.

### B.      Legal Standard

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915.  *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation."  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  *Adams*, 487 F.3d at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  *Id.* at 688 (internal quotations and citations omitted).  That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit.  If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice.  *Adams*, 487 F.3d at 688.

### C.      Discussion

The allegations in the first amended complaint in *Sanchez I* are identical to the allegations in the complaint filed in the instant action.  Both cases name the Kern County Sheriffs Department as the sole defendant.  In both cases, Plaintiff alleges claims arising from a riot that occurred on June 14, 2025 at the Lerdo Pre-Trial Facility when general population inmates were allowed to proceed through a locked door to attack protective custody inmates with knives.

Plaintiff also alleges that he was denied due process when his grievances were not taken seriously or investigated properly by internal affairs.

Based on this review, the Court finds it appropriate to recommend dismissal of this action as duplicative of *Sanchez I*.

**IV.     Order and Recommendation**

Based on the foregoing, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed as duplicative.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 21, 2026**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

4